UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| A.V., | ) | Case No.: 1:15-cv-00246 - --- - JLT |
| Plaintiff, | ) ) | ORDER DISCHARGING THE ORDER TO SHOW |
| v. | ) ) | CAUSE DATED FEBRUARY 24, 2015 (Doc. 4) |
| PANAMA BUENA VISTA UNION SCHOOL DISTRICT, | ) ) ) | ORDER GRANTING PETITION TO APPOINT CONCEPCION VARELA AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF A.V. (Doc. 5) |
| Defendant. | ) | |

On February 17, 2015, Concepcion Varela initiated this action on behalf of minor Plaintiff A.V. (Doc. 1.) However, Ms. Varela failed to file a petition for appointment as the guardian ad litem. Accordingly, on February 24, 2015, the Court issued an order to Plaintiff's counsel to show cause why the matter should not be dismissed passed upon the minor plaintiff's lack of capacity to sue. (Doc. 4.) In response, Ms. Varela filed a motion to be appointed the guardian ad litem for A.V. (Doc. 5.)

**I.      Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, A.V. resides California (*See* Doc. 2 at 1-2), and the law of the state governs. Under California law, an individual

under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## II. Discussion and Analysis

Here, Plaintiff A.V. is the son of Concepcion Varela and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the Complaint, it does not appear there are adverse interests. Ms. Varela does not have competing claims with Plaintiff, because A.V. is the only plaintiff in this action, and the only claims are asserted on his behalf. Accordingly, appointment of Ms. Varela as guardian ad litem for her son is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

## III. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. Varela has conflicting interests, and as such she may be appointed to represent the interests of her son. Therefore, the Court is acting within its discretion to grant the application.

///

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Order to Show Cause dated February 24, 2015 (Doc. 4) is **DISCHARGED**;
2. The motion for appointment of Concepcion Varela as guardian ad litem for A.V. is **GRANTED**; and
3. Concepcion Varela is appointed to act as guardian ad litem for plaintiff A.V., and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated:   **March 12, 2015**            /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE