**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.V., a minor by and through Guardian ad Litem CONCEPCION VARELA,<br><br>          Plaintiff,<br><br>    v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>          Defendant. | Case No.: 1:15-cv-00246 - MCE - JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER<br><br>(Doc. 72) |

     A.V., through his guardian ad litem Concepcion Varela, challenges actions taken by Panama-Buena Vista Union School District related to his education. Plaintiff asserts Ms. Varela speaks only Spanish and Gloria Zepeda, who is employed by Plaintiff's counsel, provided translation services between counsel and Ms. Varela. Plaintiff seeks "protective order prohibiting discovery related to communications, conversations, investigations, observations and impressions formed by Gloria Zepeda that relate to Plaintiff A.V. and his parents or investigations of facts because such discovery is prohibited by attorney-client privilege, work produce and confidentiality." (Doc. 72 at 2) Defendant objects to the issuance of a protective order, asserting Plaintiff has "no reasonable basis for a protective order to prevent the deposition of Gloria Zepeda." (Doc. 80 at 5, emphasis omitted) For the following reasons, Plaintiff's motion for a protective order is **GRANTED IN PART**.

///

I.      **Background**

A.V. asserts he has Attention Deficit Hyperactivity Disorder, Combined Type.  (Doc. 7 at 2). He alleges he "is a disabled student under Section 504 of the Rehabilitation act and has a suspected disability under the IDEA." (*Id.*)  Plaintiff asserts he was "was consistently and regularly disciplined for behavioral incidents but the District failed to record his classroom removals."  (*Id.* at 3) For example, Plaintiff contends that during the 2014-2015 school year, he "had been removed from school or classes in excess of 10-days due to behavioral issues" by October 2014.  (*Id.*)

Plaintiff participated in two special education administrative hearings, and contends "Defendant District failed to provide an assessment plan within statutory guidelines, failed to provide parent with procedural rights, failed to translate documents and failed to hold a legally compliant Manifestation Determination under both Section 504 and the IDEA."  (Doc. 7 at 3)  He now appeals the decisions rendered by the administrative law judge.

Plaintiff reports that Gloria Zepeda attended IEPs and Early Resolution Sessions as an employee of Plaintiff's counsel, Nicole Amey. (Doc. 72)  According to Plaintiff, Ms. Zepeda "is an advocate and translator for plaintiffs' attorney and worked in that capacity during due process hearings and during this instant lawsuit."  (*Id.* at 2)  After Defendant scheduled the deposition of Ms. Zepeda, Plaintiff's counsel requested that Defendant agree to not question Ms. Zepeda about conversations she had with Plaintiff or Plaintiff's mother while the attorney was present or other information protected by the attorney-client privilege.  (*See id*; *see also* Doc. 80 at 2)  However, the parties were not able to come to a formal agreement. Accordingly, Plaintiff seeks a protective order regarding the scope of the deposition, and prohibiting questions "on communications or impressions made from conversations with the plaintiffs."  (Doc. 72 at 2)

Defendant filed its objection to the motion on June 3, 2016.  (Doc. 80)  In addition, in the opposition, the Defendant notified the Court of an additional dispute related to the deposition of Plaintiff. (*See id.* at 3)  Because raising the issue is not appropriate in the opposition, the Court declines to consider the dispute related to the deposition of Plaintiff A.V., and instead focuses solely on the issue addressed by both parties and raised by Plaintiff in his motion: the scope of Ms. Zepeda's deposition.

## II. Legal Standard

The Court may issue a protective order to shield any party from undue burdens arising from discovery. Fed. R. Civ. P. 26(c). Specifically, Rule 26 provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c). The Ninth Circuit determined this Rule provides the Court with "extensive control" over the discovery process, and "authoriz[es] courts to make any order which justice requires" to protect the parties. *United States v. CBS, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982) (internal quotation marks omitted).

## III. Discussion and Analysis

As an initial matter, Plaintiff does not object to the deposition of Ms. Zepeda in its entirety, but seeks to prevent Defendant from asking questions that would violate the attorney-client privilege. (*See generally* Doc. 72) Accordingly, "Plaintiff seeks an order denying or limiting defendants' deposition of Gloria Zepeda and prohibiting the Defendant's counsel from asking Gloria Zepeda about any communications, theories of the case, investigations, communications with the attorney and impressions of the case and observations made about the Plaintiffs." (*Id.* at 4)

The purpose of the attorney-client privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). To achieve this purpose, "[c]lients must be able to consult their lawyers candidly, and the lawyers in turn must be able to provide candid legal advice." *United States v. Christensen*, 801 F.3d 970, 1007 (9th Cir. 2015). The privilege therefore protects not only the lawyer's provision of legal advice, "but also the giving of

information to the lawyer to enable him to give sound and informed advice." *Upjohn*, 449 U.S. at 390.

The attorney-client privilege may be extended to a third party in limited circumstances, such as where the attorney needs an interpreter to understand the client. *See United States v. Kovel*, 296 F.2d 918, 922 (2nd Cir. 1961)  Defendant does not dispute that the attorney-client privilege applies to the services provided by Ms. Zepeda as a Spanish-language interpreter between Plaintiff, his mother, and their attorney. (*See* Doc. 8 at 3)  To the contrary, Defendant agrees to "not inquire about direct and indirect communications or observations" made by Ms. Zepeda. (*Id.*)  However, Defendant maintains it should not be required to produce a list regarding the "deposition topics or questions" in advance of the deposition. (*Id.* at 2-3)

Indeed, the Federal Rules of Civil Procedure do not require advance disclosure of topics or questions to be posed during the course of the deposition.  It is sufficient that Defendant is precluded from invading the attorney-client privilege.

## IV.    Conclusion and Order

As the parties agree, communications between plaintiffs and their counsel, which were translated by Ms. Zepeda, as well as her observations during those meetings, are protected by the attorney-client privilege.[1]  Accordingly, Plaintiff has established good cause for a protective order that prevents Defendant from posing questions to Ms. Zepeda regarding these communications and observations.  However, Plaintiff fails to demonstrate good cause to require Defendant from providing in advance a list of the topics to be discussed or questions that will be asked at the deposition.  Based upon the foregoing, **IT IS HEREBY ORDERED**:  Plaintiff's motion for a protective order is **GRANTED IN PART** as follows:

1. Defendant **SHALL NOT** question Gloria Zepeda regarding any communications made between Plaintiff, Concepcion Varela and their counsel; or her observations and impressions during the meetings in which she acted as an interpreter;

2. Plaintiff's request for a list of all deposition topics and questions to be posed by

---

[1] Thus, questions related to the substance of Ms. Zepeda's personal knowledge which gave rise to her testimony at the underlying administrative, are permitted.  Likewise, questions related to meetings where Ms. Zepeda acted as an interpreter but where she did not interpret for counsel, are permitted.

1 | Defendant is **DENIED**; and
2 | 3. The parties are **ORDERED** to meet and confer regarding the dispute related to the
3 | deposition of Plaintiff.  If the parties are unable to come to an agreement, they **SHALL**
4 | file a written request for a telephonic conference with Magistrate Judge Thurston prior
5 | to filing a properly noticed motion regarding the discovery dispute.

IT IS SO ORDERED.

Dated:   **June 20, 2016**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE