1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   A.V., a minor by and through Guardian ad    )   Case No.: 1:15-cv-00246 - MCE - JLT
     Litem CONCEPCION VARELA,                     )
12                                                )   ORDER GRANTING IN PART DEFENDANT'S
                    Plaintiff,                    )   MOTION TO COMPEL DISCOVERY
13                                                )
              v.                                  )   (Doc. 78)
14                                                )
     PANAMA-BUENA VISTA UNION                     )
15   SCHOOL DISTRICT,                             )
                                                  )
16                  Defendant.                    )
                                                  )
17   _____ )

18          Plaintiff A.V., through his guardian ad litem Concepcion Varela, challenges actions taken by

19   Panama-Buena Vista Union School District related to his education.  Defendant seeks to compel

20   Plaintiff to provide additional responses to its Requests for Production; Interrogatories Nos. 32, 33, and

21   34; and Requests for Admission. (Docs. 78-79)  For the following reasons, Defendant's motion to

22   compel discovery is **GRANTED IN PART**.

23   **I.      Background**

24          Plaintiff A.V. asserts he has Attention Deficit Hyperactivity Disorder, Combined Type.  (Doc.

25   7 at 2)  He alleges he "is a disabled student under Section 504 of the Rehabilitation act and has a

26   suspected disability under the IDEA." (*Id.*)  Plaintiff asserts he was "was consistently and regularly

27   disciplined for behavioral incidents but the District failed to record his classroom removals."  (*Id.* at 3)

28   For example, Plaintiff contends that during the 2014-2015 school year, he "had been removed from

1  school or classes in excess of 10-days due to behavioral issues" by October 2014.  (*Id.*)

2         Plaintiff participated in two special education administrative hearings, and contends "Defendant

3  District failed to provide an assessment plan within statutory guidelines, failed to provide parent with

4  procedural rights, failed to translate documents and failed to hold a legally compliant Manifestation

5  Determination under both Section 504 and the IDEA."  (Doc. 7 at 3)  He now appeals the decisions

6  rendered by the administrative law judge.

7         Defendant seeks to compel Plaintiff to provide additional discovery responses to its request for

8  production of documents, interrogatories, and requests for admission.[1]  (Docs. 78-79)

9  **II.     Scope of Discovery and Requests**

10        The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure

11  and Evidence.  Fed. R. Civ. P. 26(b) states:

12 >       Unless otherwise limited by court order, parties may obtain discovery regarding any
   >       nonprivileged manner that is relevant to any party's claim or defense – including the
13 >       existence, description, nature, custody, condition, and location of any documents or
   >       other tangible things…For good cause, the court may order discovery of any matter
14 >       relevant to the subject matter involved in the accident. Relevant information need not
   >       be admissible at the trial if the discovery appears reasonably calculated to lead to the
15 >       discovery of admissible evidence.

16  Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that

17  is of consequence to the determination of the action more probable or less probable than it would be

18  without the evidence."  Fed. R. Evid. 401.  Relevancy to a subject matter is interpreted "broadly to

19  encompass any matter that bears on, or that reasonably could lead to other matter that could bear on,

20  any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

21  ///

22

23  _____

24  [1] In the Notice of Motion filed on May 20, 2016, Defendant indicated it sought a Court order "compelling Plaintiff
    to respond to request for production of documents sets 2 and 3;" compel responses to interrogatories nos. 32, 33, and 34; and
    compel further responses to the requests for admission.  (Doc. 78 at 2)  However, counsel clearly failed to meet and confer
25  regarding the dispute before filing the motion.  In the Joint Report re Discovery Dispute, the parties indicate Plaintiff has
    since responded to the requests for production and interrogatories—though Defendant maintains the response was
    inadequate.  (Doc. 79)
26       Defendant's counsel is reminded of the obligation to meet and confer prior to the filing of a motion to compel
    discovery, pursuant to Local Rule 251.  Specifically, the Local Rules provide: "a motion made pursuant to Fed. R. Civ. P. 26
27  through 37 ... shall not be heard unless … the parties have conferred and attempted to resolve their differences."  LR 251.
    Accordingly, "Counsel for all interested parties shall confer *in advance of the filing of the motion* or in advance of the
    hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion."  *Id.*, emphasis
28  added.  Failure to comply with the Local Rules in the future will result in the matter being dropped from the Court's
    calendar.

### III.     Discussion and Analysis

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Here, Defendant asserts Plaintiff failed to adequately respond to document requests, interrogatories, and requests for admission.

### A.     Requests for Production

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W.Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide*: *Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 WL 3303718 (E.D. Cal. September 18, 2009); *Axler v. Scientific Ecology Group, Inc*., 196 F.R.D. 210, 212 (D. Mass. 2000) (a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

Defendant served its Requests for Production, Sets Two and Three, on March 9 and April 8,

2016, respectively, seeking "production of attorney invoices, timesheets, retainer agreements and similar documents that supported Plaintiff's claim for attorneys fees in this matter." (Doc. 79 at 3) Although the responses to the discovery requests were belated, Defendant acknowledges that Plaintiff "served the subject responses on May 26, 2016, via overnight mail." (*Id.* at 4) However, Defendant contends the responses to "are insufficient" and "do not conform" to the requirements of Rule 34. (*Id.*)

### 1.    Requests for Production, Set Two, Nos. 29-31

Defendant requested "documents identified in Plaintiff's initial disclosures." (Doc. 79 at 4; *see also* Doc. 79-1 at 8-9) In response to Numbers 29-31, Plaintiff printed a numbered list of documents, and identified the responsive documents by number. (Doc. 79-1 at 43-44) Defendant asserts the response was inadequate to Numbers 29-31 because "[n]o actual documents were produced with the responses as required." (Doc. 79 at 4, emphasis omitted) On the other hand, Plaintiff reports: "In response to the first set of Documents, Plaintiff's counsel put every document that related to this matter on a Lexar disc and served it on Defendant." (*Id.* at 6) Plaintiff asserts this was done "to eliminate the Defendant's need to request additional documents." (*Id.*)

Defendant does not assert the documents identified by Plaintiff were not responsive to the Requests for Production, Set Two. (*See* Doc. 79 at 4) Rather, Defendant appears to argue that Plaintiff was required to re-produce the documents in response to the new discovery request. However, because Defendant already received the documents from Plaintiff—and does not dispute this fact—Plaintiff's identification of the documents previously produced on the Lexar disc was sufficient. *See Spears v. First. Am. eAppraiseIT*, 2013 U.S. Dist. LEXIS 190442, at *12 (N.D. Cal. Dec. 20, 2013) (declining to order the party to "re-produce exhibits it has already given"). Accordingly, Defendant's request to compel further responses to Requests for Production Nos. 29-31 is **DENIED**.

### 2.    Requests for Production, Set Two, No. 32

In Request for Production Number 32, Defendant sought documents related to Grace Cruz, who was identified as a witness in the initial disclosure. (Doc. 79-2 at 43) Plaintiff responded by asserting that discovery was still ongoing and there were "[n]o documents…responsive to this request." (*Id.* at 44)

Defendant neither argues this response is improper, nor presents any evidence that responsive

documents exist.  In *Evans v. Tilton*, the Court ruled the defendants had adequately responded to a request for production where the plaintiff failed to present "a sufficient showing . . . which creates a reasonable belief that more information exists." *Id.*, 2010 U.S. Dist. LEXIS 36953, at *8 (E.D. Cal. March 18, 2010).  Similarly, here, there is no evidence that responsive documents to the request exist. Consequently, Defendant's motion to compel further responses to the Request for Production Number 32 is **DENIED**.

### 3.    Requests for Production, Set Three, Nos. 33-34, 36

Defendant's requests "numbers 33 through 36 seek documents that support the work performed by Plaintiff's attorneys and paraprofessionals (e.g. paralegals, educational advocates), including time records, invoices and the attorney retainer agreement." (Doc. 79 at 5)  Defendant acknowledges that Plaintiff produced records, but also identified documents previously disclosed. (*Id.*)  Thus, Defendant contends asserts, "Plaintiff should be required to supplement her response to adhere to Rule 34 and to clearly and accurately identify responsive documents." (*Id.*)

On the other hand, as noted above, the Court will not require Plaintiff to re-produce documents previously given to Defendant.  Moreover, Defendant fails to show how the documents produced by Plaintiff after the filing of this motion are insufficient related to Requests Nos. 33, 34, and 36. Thus, Defendant's motion to compel further responses is **DENIED**.

### 4.    Requests for Production, Set Three, No. 35

Through this Request, Defendants sought all documents "which identify the specific attorneys and/or paraprofessional support staff who performed work on [Plaintiff's] behalf, whether or not [Plaintiff] was seeking payment of attorneys' fees in this matter, including attorney bills, financial statements, or other fee records." (Doc. 79-2 at 14)  Defendant acknowledges that Plaintiff produced responsive documents as the attorney, but contends Plaintiff failed to produce "documents showing the work performed by paraprofessional staff." (Doc. 79 at 5)  For example, Defendant notes that Plaintiff's counsel "works with educational advocate Gloria Zepeda, who has participated in this case," but no documents were produced that "indicate how much time she has spent, the tasks performed or the monies charged, if any." (*Id.*)

In response, Plaintiff argues that the records related to paraprofessional staff are not relevant to

the matter, because fees may not be sought for paraprofessional staff.  (Doc. 79 at 6)  Plaintiff observes: "Federal law permits only attorney fees and excludes time for experts, advocates and paraprofessionals. Due to these prohibitions on billing for non attorney or non-paralegal staff, the bills only include attorney time." (*Id.* at 6)

Notably, Defendant fails to demonstrate how the records related to counsel's paraprofessional staff are relevant or come within the scope of discovery. *See* Fed. R. Evid. 401.  Consequently, Defendant's motion to compel supplemental responses to Request Number 35 is **DENIED**.

### B.      Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).  If a matter is not admitted, a denial must "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

Defendant argues Plaintiff's responses to the Requests for Admission "neither admitted or denied each request" and "failed to conform to the applicable rule." (Doc. 79 at 9)  Plaintiff "agreed to supplement the request for discovery to satisfy the demands of Defendant." (*Id.* at 10)  Accordingly, Defendant's motion to compel supplemental responses to the Requests for Admission is **GRANTED**.[2]

### C.      Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a).  A responding party is obligated to respond to the fullest extent possible,

---

[2] Review of Plaintiff's responses to the Requests for Admission clearly indicates the basis for admission or denial. Defendant has not cited any authority—and the Court has located none—to support a conclusion that a party must use the words "admit" or "deny" when responding to requests for admission.  Rather, a party must "fairly respond" why a matter is not admitted. Plaintiff's responses here satisfy this standard, and clearly indicate denials. Nevertheless, because Plaintiff previously agreed to supplement the responses, the Court has granted the motion.

and any objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(3)-(4).  In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made."  *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)).  Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

Defendant contends Plaintiff failed to respond to Interrogatories, Set One, Numbers 32, 33, and 34, which "correspond to the requests for admission."  (Doc. 79 at 7)  Plaintiff contends the responses were "inadvertently left out" and agreed to respond to the interrogatories.  (*Id.*)  Thus, it is undisputed that Plaintiff failed to respond to Interrogatories Numbers 32, 33, and 34 as required by Rule 33, and Defendant's motion to compel responses is **GRANTED**.

### D.     Request for Sanctions

Defendant requests monetary sanctions for Plaintiff's failure to timely respond to discovery and for the filing of the motion to compel discovery.  (Docs. 78, 79)  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court may issue sanctions to "penalize some forms of discovery abuse." *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1338-39.  When, as here, a motion to compel discovery is granted in part and denied in part, the Court may award "reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

Significantly, Defendant acknowledges "it has not met and conferred with respect to the responses actually received." (Doc. 79 at 5)  In light of these facts, the Court finds the imposition of sanctions is not warranted.

## IV.     Conclusion and Order

Based upon the foregoing, **IT IS HEREBY ORDERED**:  Defendant's motion to compel discovery (Doc. 78) order is **GRANTED IN PART** as follows:

1.      Defendant's motion to compel further responses to Requests for Production Sets Two and Three, Nos. 29, 30, 31, 32, 33, 34, 35, and 36 is **DENIED**;

2.      Defendant's motion to compel supplemental responses to the Requests for Admission is **GRANTED**;

7

3.      Defendant's motion to compel responses to Interrogatories Numbers 32, 33, and 34 is **GRANTED**;

4.      Plaintiff **SHALL** provide the discovery responses ordered above within ten days of the date of service of this order;

5.      The request for sanctions is DENIED; and

5.      In future, the parties are **ORDERED** to meet and confer prior to filing *any* motion related to a discovery dispute.  No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to the court.  To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.**

IT IS SO ORDERED.

Dated:   __July 8, 2016__                         _____/s/ Jennifer L. Thurston_____
                                                     UNITED STATES MAGISTRATE JUDGE

8