UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.V., a minor, by parent and Guardian ad Litem, CONCEPCION VARELA,<br><br>Plaintiff,<br><br>v.<br><br>PANAMA-BUENA VISTA UNION SCHOOL DISTRICT, DOES 1-20,<br><br>Defendants. | No. 1:15-cv-00246-MCE-JLT<br><br>No. 1:15-cv-01375 MCE-JLT<br>(Related Case)<br><br>**ORDER** |
| PANAMA-BUENA VISTA UNION SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>A.V., a minor, by and through his parent CONCEPCION VARELA,<br><br>Defendant. | |

Through the present lawsuit, Plaintiff Concepcion Varela ("Plaintiff"), as parent and guardian ad litem for her minor son, A.V., challenges various actions taken by Defendant Panama-Buena Vista School District ("District") with respect to A.V.'s educational placement. Plaintiff has already pursued two special education "due process" proceedings in accordance with the provisions of the Individuals with

1

Disabilities Education Act., 20 U.S.C. § 1400, et seq. ("IDEA") to rectify what she alleges were unlawful steps taken by the District against her son. The parties participated in bifurcated proceedings held under the auspices of the Office of Administrative Hearings ("OAH") in January and in April/May of 2015. In the first decision, the District prevailed on all issues. In the second decision, A.V. prevailed on one issue and the District prevailed on the remaining issues.

On February 17, 2015, Plaintiff filed her complaint to appeal the first OAH decision. Thereafter, on August 28, 2015, Plaintiff filed a first amended complaint to include additional appellate issues stemming from the second decision.

On September 8, 2015, the District filed a complaint with this Court to appeal issues it lost in the second OAH decision. That case was subsequently related to Plaintiff's originally filed lawsuit by Order filed January 13, 2016.

Presently before the Court are requests from both Plaintiff and from the District to Supplement the Administrative Record pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii). That statute permits parties to an IDEA appeal to obtain leave of court to present additional relevant evidence not available at the time of the underlying administrative hearing. See also Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1472-73 (9th Cir. 2003) (interpreting statutory predecessor to § 1415(i)(2)(C)(ii)). The term "additional evidence" in this context has been defined as evidence that is non-cumulative, relevant, and otherwise admissible. E.M. v. Pajaro Valley, 652 F.3d 999, 1005 (9th Cir. 2011).

Although introduction of additional evidence in an IDEA appeal is a matter within its sound discretion, the court must nonetheless be careful not to permit wholesale introduction of additional evidence that would change the character of the appeal hearing from one of review to a complete trial de novo. Jackson, 4 F.3d at 1473. Consequently, parties seeking to augment the administrative record on appeal must provide "some solid justification" for the introduction of additional evidence. Gill v. Columbia 93 Sch. Dist., 217 F.3d 1027, 1037 (8th Cir. 2000).

///

The District seeks to introduce two additional documents from A.V.'s prior school. Those documents are 1) an April 2013 Psycho-Educational Report for A.V. by the Bakersfield City School District; and 2) April 24, 2013 Individualized Education Program Meeting Records for A.V., also from the Bakersfield City School District.  The District argues it had not initially introduced those documents because it did not believe them to be relevant to the District's own subsequent "Child Find" obligations under the IDEA, which they assert did not begin until the District began to work with the student and formed its own "observations of [his or] her performance."  E.J. ex rel. Tom J. v. San Carlos Elem. Sch. Dist., 803 F. Supp. 2d 1024, 1031 (N.D. Cal. 2011).  Because the Administrative Law Judge ("ALJ") allegedly referred to the documents in his decision, however, the District now contends that the documents should be before the Court. Plaintiff's only opposition to this request is that she faces prejudice if she cannot challenge the qualifications of the individuals who performed the 2008 special education testing referred to in the documents.

Whether the qualifications of the examiners can properly establish their credentials goes only to the weight of the evidence, not whether it is subject to admission in the first place.  Under the Ninth Circuit's analysis for determining the propriety of supplemental evidence in an IDEA appeal like this one, the evidence offered by the District appears to be both non-cumulative (it was not previously presented), relevant (according to the District, had it known the ALJ would consider evidence preceding its own involvement with A.V. it contends it would have presented the evidence in the OAH proceeding itself), and admissible (the supplemental items are student records pertaining to A.V., the subject of this lawsuit).  See E.M. v. Pajaro Valley, 652 F.3d at 1005.  Consequently, the Court concludes that supplementation of the record to include those documents is appropriate.

Plaintiff, for her part, seeks to introduce IDEA decisions in two subsequent cases (dated November 13, 2015 and March 3, 2016, respectively) that, while ostensibly involving A.V., involve different issues and, according to the District, consequently have

little relevance to the decisions that are the subject of these particular appeals.  Plaintiff also seeks to introduce a November 6, 2014 fax from the attorney for the District which contained special education records pertaining to A.V. from 2007 and 2008.  Finally, Plaintiff seeks to supplement the record with the declaration and resume of a handwriting expert which she contends will show that A.V. was not lawfully exited from special education with the District because the parent's signature on the February 2008 Exit IEP was a forgery.

Again, the objections posed to supplementing the record with these materials goes primarily to the weight, if any, that they should be accorded.  Otherwise, they appear to involve issues at least arguably pertinent to the subject matter of these appeals.  As such, they too will be permitted.

Accordingly, the Court GRANTS both the District's Motion to Supplement the Administrative Record (ECF No. 96) as well as Plaintiff's corresponding Motion to Supplement the Record on Appeal (ECF No. 98).[1]

IT IS SO ORDERED.

Dated:  October 30, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered both Motions submitted on the briefs in accordance with E.D. Local Rule 230(g).